Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kaylee Nye;<br><br>    Plaintiff,<br><br>v.<br><br>Fisher & Burns Financial, LLC;<br><br>    Defendant. | No.<br><br><br><br>**COMPLAINT**<br><br><br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, for breach of contract, and for breach of duty of good faith and fair dealing. In the course of attempting to collect a debt, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA, and has breached its duty of good faith and fair dealing with Plaintiff. Plaintiff seeks to

recover actual damages, statutory damages, and punitive damages, together with reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.

3. Supplemental jurisdiction exists for the pendant state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

5. Plaintiff is a natural person who resides in Pinal County, Arizona.

6. Plaintiff is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.

7. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant Fisher & Burns Financial, LLC ("Fisher") is a Delaware limited liability company.

9. Fisher's primary place of business is in the State of California.

10. Fisher collects or attempts to collect debts which have been assigned to it after default, or which it claims to have purchased after default.

11. Fisher is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  Factual Allegations

12. In or about 2012, Plaintiff was solicited by Vivint Alarm Solutions for an alarm system to be installed on the home she was renting.
13. Plaintiff questioned the Vivint salesman whether she needed to get the home owner's permission before installing the alarm system, but was told that she did not need the permission.
14. Based on these representations, Plaintiff initially agreed to the alarm system.
15. The Vivint agreement provided for a 3-day right of cancellation.
16. Plaintiff exercised her right of cancellation, and timely cancelled the alarm system contract with Vivint within three days.
17. In response to her cancellation, Vivint returned to the property and removed all the alarm equipment installed at the property.
18. The Vivint services were incurred for personal, family, or household purposes.
19. Despite cancelling the service, Vivint subsequently claimed a remaining balance owed for the alarm service, and sold or assigned the alleged debt (hereinafter "Vivint debt") to Fisher for collection purposes.
20. Fisher began its collection campaign by reporting the Vivint debt to Plaintiff's Experian credit file.
21. On April 28, 2017, Plaintiff brought suit against Fisher for violating the Fair Debt Collection Practices Act.
22. Plaintiff and Fisher subsequently settled that case and entered into a written Settlement Agreement (hereinafter "Agreement").

23. In the Agreement, the parties agreed that Fisher would request deletion of the Vivint tradeline off Plaintiff's credit reports.

24. The parties also agreed in the Agreement that Fisher would not subsequently report any information concerning the Vivint debt to the credit bureaus.

25. In the Agreement, Fisher agreed that it would take no further efforts to collect the Vivint debt.

26. The parties also agreed that Plaintiff that the Vivint debt was disputed by Plaintiff "in good faith."

27. Subsequent to the settlement, and despite the terms of the Agreement, Fisher has continued to furnish credit information to Experian concerning the Vivint debt for the months of July and August 2017.

28. In its reporting of the Vivint Debt to Experian, Fisher states that Plaintiff owes a balance of $1,913 on the debt.

29. Fisher has continued reporting the Vivint debt to Experian for the sole purpose of collecting or attempting to collect the debt.

30. Despite knowing Plaintiff disputed the debt, and its agreement that Plaintiff's dispute of the debt was done in good faith, Fisher continued reporting the debt to Experian without any notation that the Vivint debt is disputed as required by 15 U.S.C. § 1692e(8).

31. On September 5, 2017, Plaintiff contacted Hughes Federal Credit Union in an effort to pre-qualified for a home mortgage.

32. On September 5, 2017, the credit union requested a credit report on Plaintiff.

33. The credit report issued to the credit union reflected a tradeline reported by Fisher to Experian with a balance owing of $1,913.
34. Upon learning of Fisher's continued reporting of the Vivint debt, Plaintiff became very upset as she had thought this matter had been resolved.
35. Plaintiff immediately called Fisher in order to get the Vivint Debt removed from her credit report.
36. During the call, Plaintiff requested that the Vivint debt be immediately removed from the credit report as it had previously agreed to do.
37. In response, the Fisher collector told Plaintiff that the only way Fisher would take the account off her credit report would be for her to pay the debt in full.
38. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, emotional distress, anxiety, worry, sleeplessness, frustration, invasion of privacy, and other extreme emotional distress.
39. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights, and part of Defendant's persistent and routine practice of debt collection.
40. In the alternative, Defendant's actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

42. Defendant's violations of the FDCPA include, but are not limited to, 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d(6), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.
43. As a direct result and proximate cause of Defendant's actions taken in violation of the FDCPA, Plaintiff has suffered actual damages.

### b. Breach of Contract.

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
45. Defendant has breached its contract with Plaintiff.
46. As a direct result and proximate cause of Defendant's breach, Plaintiff has suffered actual and consequential damages.

### c. Breach of Duty of Good Faith and Fair Dealing.

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
48. By law, a duty of good faith and fair dealing is implied in every contract.
49. This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement.
50. Through its actions as outlined herein, Defendant has breached its duty of good faith and fair dealing.
51. As a direct result and proximate cause of Defendant's breach, Plaintiff has suffered actual and consequential damages.
52. Plaintiff also seeks recovery of punitive damages.

### VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Punitive damages for breach of duty of good faith and fair dealing;

d) Costs and reasonable attorney's fees pursuant to the FDCPA;

e) Costs and reasonable attorney's fees pursuant to breach of contract and A.R.S. § 12-341.1; and

f) Such other relief as may be just and proper.

DATED   September 11, 2017  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff